UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP, | 4:21-CV-04110-LLP |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION |
| BOB DOOLY, DARIN YOUNG, JASON RAVNSBORG, WARDEN JACKSON, | |
| Respondents. | |

Petitioner, Kevin Christopher Micheal Tripp, filed his sixth petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] Tripp moves for leave to proceed in forma pauperis and for the appointment of counsel. Docs. 2, 4. Tripp's prisoner trust account report shows average monthly deposits of $33.66, and an average monthly balance $0.68. Doc. 3. Accordingly, the Court finds that Tripp is indigent and grants his motion for leave to proceed in forma pauperis.

Under Rule 4 of the Rules Governing Section 2254 Cases, this Court is to screen § 2254 petitions and dismiss the petition when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full

---

[1] Tripp's first petition was dismissed without prejudice on his own motion so he could exhaust his state court remedies. See *Tripp v. Dooley*, 4:19-CV-04079-LLP, Docs. 21, 22. Tripp's second and third petitions were dismissed without prejudice for failure to exhaust. *Tripp v. Warden of S.D. State Penitentiary*, 4:19-CV-04120-LLP, Docs. 20, 22, 23; *Tripp v. Dooly*, 4:19-CV-04162-LLP, Docs. 6, 8, 9. Tripp's fourth petition was dismissed without prejudice on Tripp's own motion to withdraw. *Tripp v. Dooley*, 4:20-CV-04095-LLP, Docs. 13, 14, 15. His fifth petition was dismissed without prejudice for failure to exhaust state court remedies. *Tripp v. Dooley*, 4:20-CV-04177-LLP, Docs. 5, 6.

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Weaver v. Bowersox*, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). A failure to properly exhaust remedies in accordance with state procedure results in a procedural default of the prisoner's claims. *O'Sullivan*, 526 U.S. at 848.

Here, Tripp claims that the Second Judicial Circuit Court of South Dakota and the South Dakota Supreme Court decided his state habeas petition on February 26, 2021. Doc. 1 at 6-7, 9. He claims that he attached a copy of the court's opinion and order. *Id.* The attachment referencing February 26, 2021, is an order denying Tripp's second petition for writ of habeas corpus. Doc. 1-1 at 59. This order was signed on February 26, 2021, by Susan M. Sabers, a Judge for the Second Judicial Circuit Court of South Dakota. *Id.* at 60.[2] This is the only document filed that references February 26, 2021. Tripp's records do not include an order from the South Dakota Supreme Court.

Under SDCL § 21-27-18.1:

> A final judgment or order entered under this [habeas] chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered. The issuance or refusal to issue a certificate of probable cause is not appealable. However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal.

---

[2] The order was filed by the Clerk on March 1, 2021. Doc. 1-1 at 61.

After review of his petition and attachments, this Court can determine with confidence that it plainly appears that Tripp has not exhausted his state court remedies because Tripp's petition does not include a motion to the Circuit Court for a certificate of probable cause nor an order from the Circuit Court on the issue. It is clear that the South Dakota Supreme Court has not been afforded a fair opportunity to review Tripp's state habeas petition. Thus, this Court dismisses Tripp's present habeas petition for failure to exhaust his state remedies.

IT IS ORDERED:

1. That Tripp's motion to proceed in forma pauperis, Doc. 2, is granted.

2. That Tripp's petition under 28 U.S.C. § 2254 for writ of habeas corpus, Doc. 1, is dismissed without prejudice for failure to exhaust state court remedies.

3. That Tripp's motion for the appointment of counsel, Doc. 4, is denied as moot.

DATED July 1, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK